UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| The Turtle Factory Building Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> McGrath Real Estate Holdings, LLC, ) <br> CBRE, Inc., ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:20-cv-03099-RMG <br><br> **ORDER** |

This matter is before the Court on Plaintiff's motion to remand this action to state court. (Dkt. No. 11). For the reasons stated below, the Court grants the motion and remands this action to the Court of Common Pleas for Charleston County, South Carolina.

**I.   Background**

The Turtle Factory Building Corporation ("Plaintiff") filed the instant action on July 28, 2020 in the Court of Common Pleas for Charleston, County, South Carolina, naming as Defendants McGrath Real Estate Holdings, LLC ("McGrath") and CBRE, Inc. ("CBRE") (Dkt. No. 1-1 at 3). Plaintiff's allegations arise from its purchase of a commercial office building in Charleston, South Carolina. (Dkt. No. 1-1 at ¶¶ 1-8). Plaintiff is a citizen of Illinois, Defendant CBRE is a citizen of Delaware, and Defendant McGrath is a citizen of South Carolina. (Dkt. No. 1-1 at ¶¶ 1, 4, 5). Plaintiff indicates that on August 14, 2020, it attempted service of the summons and complaint on both Defendants via registered mail, restricted delivery, return receipt requested, to the registered agent of each Defendant as listed on South Carolina's Secretary of State website. (Dkt. Nos. 11-1 at 2). On August 17, 2020, service was perfected on

1

Defendant CBRE. (Dkt. No. 11-2). Plaintiff indicates that on August 29, 2020, the attempted service by mail of Defendant McGrath was returned as undeliverable. (Dkt. No. 11-1 at 2).

Defendant CBRE removed the action to federal court on August 27, 2020. (Dkt. No. 1). The notice of removal asserts federal jurisdiction pursuant to diversity jurisdiction, 28 U.S.C. § 1331(a) because complete diversity existed among the parties in interest at the time the Complaint was filed; complete diversity existed at the time the Notice of Removal was filed; and the amount in controversy exceeded $75,000. (*Id*. at ¶¶ 5-6). The notice of removal also alleges that Defendant McGrath had not been served at the time of removal, thus removal did not violate 28 U.S.C. § 1441(b)(2). (Dkt. No. 1 at ¶¶ 4-5). On September 15, 2020, counsel for Defendant McGrath accepted service of the Complaint. (Dkt. Nos. 7; 11-3).

On September 24, 2020, Plaintiff filed a motion to remand arguing that 28 U.S.C. § 1441(b)(2), known as the "forum-defendant rule" bars removal of this case on the basis of diversity jurisdiction because Defendant McGrath is a citizen of South Carolina, the state in which the action is brought. (Dkt. No. 11). Defendants filed responses in opposition to Plaintiff's motion to remand, arguing that because Defendant McGrath was not properly joined and served at the time of removal, the forum-defendant rule does not preclude removal. (Dkt. Nos. 13; 14). Plaintiff filed a reply. (Dkt. No. 20). The matter is ripe for the Court's review.

**II. Legal Standard**

As the party invoking the Court's jurisdiction, Defendant CBRE bears the burden of establishing that the case was properly removed from state court. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Bennett v. Bally Mfg. Corp.*, 785 F. Supp. 559, 560 (D.S.C. 1992). The Court should strictly construe removal jurisdiction because it "raises significant federalism concerns." *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas*

*Corp. v. Sheets*, 313 U.S. 100 (1941)); *see also S.C. v. Boehringer Ingelheim Roxane, Inc.*, No. 3:07-cv-00665-CMC, 2007 WL 1232156, at *1 (D.S.C. Apr. 26, 2007). Doubts as to the Court's jurisdiction should weigh in favor of remanding to state court. *Mulcahey*, 29 F.3d at 151.

### III. Analysis

There is no dispute there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. (Dkt. Nos. 1-1 at ¶¶ 5-6; Dkt. No. 11-1 at 2,4; Dkt. No. 1-1 at ¶ Dkt. No. 1-1 at ¶ 64). In addition, there is no dispute that Plaintiff did not serve Defendant McGrath with the complaint prior to the removal of this action. (*Id*.) The issue in dispute is whether the forum-defendant rule bars Defendant CBRE from removing this action before Plaintiff served Defendant McGrath with the Complaint.

Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, the forum-defendant rule confines removal based on diversity jurisdiction to instances where no defendant is a citizen of the forum state. *Phillips Constr. LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 548 (S.D. W. Va. 2015). The forum-defendant rule reads that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Courts disagree as to the application of the forum-defendant rule when the forum defendant has not yet been served.

While the Fourth Circuit has not addressed the issue, several circuits interpret the plain meaning of §1441(b)(2)'s "properly joined as served" language as permitting pre-service removal when a forum defendant is sued because it is in keeping with the literal language of the statute. *See Texas Brine Co., LLC. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018); *McCall v.*

3

*Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019) (rejecting argument that a literal interpretation of the statute produces an absurd result because Congress adopted the "properly joined and served" requirement to provide a bright line rule). On the other hand, the Eleventh Circuit explained that pre-service removal pursuant to § 1441(b)(2) when a forum defendant is sued is prohibited because such removal is at odds with the legislative intent of the forum- defendant rule, to prevent gamesmanship. *See Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (upholding dismissal without prejudice, reasoning that the "properly joined and served" language in § 1441(b)(2) should not be read to prevent district court from exercising discretion under Rule 41(a)(2)).

District Courts within the Fourth Circuit are similarly split on the issue. *See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prod. Liab. Litig.*, No. 2:14-MN-02502-RMG, 2016 WL 7338594, at *2 (D.S.C. Nov. 21, 2016); *Phillips Construction, LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 548 (S.D.W. Va. 2015) (discussing split of authority and holding removal by unserved forum defendants is barred by forum-defendant rule, at least when all defendants are residents of forum state); *Oxendine v. Merck & Co.*, 236 F. Supp. 2d 517, 526 (D. Md. 2002) (noting that removability cannot rationally turn on the timing or sequence of service of process."). *But see Bloom v. Library Corp.*, 112 F. Supp. 3d 498, 506 (N.D. W. Va. 2015); *Wensil v. E.I. Dupont de Nemours 7 Co.*, 792 F. Supp. 447, 449 (D.S.C. 1992) (explaining that § 1441(b)(2) is clear and the presence of unserved resident defendants doe not defeat removal where complete diversity exists.").

Considering these authorities, the Court is persuaded by the opinions that find the literal application of § 1441(b)(2) is contrary to congressional intent and creates absurd results. One of the principal purposes of diversity jurisdiction was to give a "citizen of one state access to an

4

unbiased court to protect him from parochialism if he was forced into litigation in another state in which he was a stranger and of which his opponent was a citizen." *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968). The forum-defendant rule appears to recognize that there is no need to protect out-of-state defendants from local prejudice where the defendant is a citizen of the state in which the case is brought. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006); *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013).

The addition of the "properly joined and served" language to § 1441(b)(2) has been interpreted as an effort to prevent gamesmanship by plaintiffs from joining forum defendants merely to preclude federal jurisdiction. *Goodwin*, 757 F.3d at 1221 (quoting *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 644 (D.N.J. 2008) (abrogated by *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018))). Further, if the forum-defendant rule were read to allow pre-service removal, it would provide an incentive for defendants to employ gamesmanship by racing to remove newly filed actions, which would stand in contrast to the purpose behind the inclusion of the language to prevent gamesmanship. *Id.; Phillips Construction, LLC*, 93 F. Supp. 3d at 553; *Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1221 (M.D. Tenn. 2017) (finding based on statutory scheme "permitting pre-service removals when a forum defendant is sued runs counter to the reasons underlying the forum-defendant rule and is not a result that Congress could have envisioned . . . when it enacted the rule to protect out of state defendants from local juries). Removal statutes are to be strictly construed and the removing party bears the burden of establishing the right to removal *Mulcahey*, 29 F.3d at 151. Courts are clearly split as to this issue and the propriety of removal in this case is doubtful. As such, the Court weighs in favor of remanding to state court .

**IV. Conclusion**

5

For the reasons stated above, Plaintiff's motion to remand (Dkt. No. 11) is **GRANTED**. The Court **REMANDS** the action to the Court of Common Pleas for Charleston County, South Carolina for adjudication on the merits.

**AND IT IS SO ORDERED**.

        s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 28, 2021
Charleston, South Carolina

6